UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUCIANO TONELLI,<br><br>    Plaintiff,<br><br> v.<br><br>ARLEE ROTHWELL et al.,<br><br>    Defendants. | CASE NO. C12-5751 RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br><br>MARCH 15, 2013 |

  The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is found in 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

  Defendants filed a notice and statement of death on October 11, 2012 (ECF No. 11). Plaintiff died on October 7, 2012 (ECF No. 11, Exhibits). The Court recommends denying dismissal under Fed. R. Civ. P. 25 because the defendants have not shown that they properly served the notice and statement of death on plaintiff's successor or personal representative. Defendants state in their notice that they are not aware if there is a personal representative,

however, next of kin, plaintiff's mother, was sent the notice pursuant to Fed. R. Civ. P. 25 (ECF No. 11).

DISCUSSION

Fed. R. Civ. P. 25(a)(1) provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after **service** of a statement noting the death, the action by or against the decedent must be dismissed.

*See*, Fed. R. Civ. P. 25. (emphasis added).

It has now been over one hundred and twenty-four days since the notice of death was filed. No motion for substitution of a party has been made.

The Court must first determine if plaintiff's cause of action survives his death. This action involves a claim for interference with medical care. Plaintiff alleges that he had a medical order that he be placed in a lower bunk and that defendant Rothwell assigned him to an upper bunk. Plaintiff alleges that he fell from the upper bunk and was injured (ECF No. 4, complaint). A civil rights action for denial of medical care does survive the plaintiff's death. *Pinon v. State of Wisconsin*, 368 F. Supp 608, 610 (Mother could maintain a civil rights action for denial of medical care for deceased son).

Pursuant to Fed. R. Civ. P. 25, a case must be dismissed 90 days after service of the notice on the decedent's successor or representative. But for a Fed. R. Civ. P. 25(a) notice of death to be valid, the notice had to be properly served. *See* Fed. R. Civ. P. 25(3); *See also*, *Hilsabeck v. Lane Co., Inc.,* 168 F.R.D. 313, 314 (D. Kan. 1996). Defendants do not inform the Court that they properly served the notice of death. They state "[t]his statement is being provided to the Court pursuant to Fed. R. Civ. P. 25 and is being sent to the emergency contact

information Mr. Tonelli provided to the Department – specifically his mother. It is unknown if Mr. Tonelli's estate has a personal representative at this time." (ECF No. 11). Mailing a copy of the notice does not constitute proper service. Because the Court does not know if the notice was properly served, the Court recommends denying dismissal without prejudice.

Defendants may re-note a motion to dismiss and show that they have properly served their notice. Alternatively, if nothing is filed, nine months from entry of the Court's order on this Report and Recommendation the case will be subject to dismissal pursuant to Local Rule 41(b).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), defendants shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. There is no plaintiff currently before the court who could file an objection. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 15, 2013, as noted in the caption.

Dated this 13th day of February, 2013.

J. Richard Creatura
United States Magistrate Judge